UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

Kathleen McKee a/k/a Kathleen Albright, individually and on behalf of all others similarly situated,

Plaintiff,

-v.-

Transworld Systems, Inc.,

Defendant(s).

C.A. No: 3:23-cv-42

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff Kathleen McKee a/k/a Kathleen Albright (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant Transworld Systems, Inc. (hereinafter, "Defendant" or "Transworld"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of North Carolina, County of Mecklenburg.

8. Defendant Transworld is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of C T Corporation System, 150 Fayetteville Street, Raleigh, North Carolina 27601.

9. Upon information and belief, Transworld is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in North Carolina;

   b. to whom Transworld sent an initial collection letter attempting to collect a consumer debt;

   c. wherein the letter fails to disclose the inability to sue despite being time-barred from enforcing the debt; and

   d. fails to disclose accurate payment information and/or whether interest continues to accrue;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20. Some time prior to December 2, 2022, an obligation was allegedly incurred to non-party Chase.

21. The Chase obligation arose out of transactions which were primarily for personal, family or household purposes, specifically student loan financing.

22. The alleged Chase obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. According to the Defendants' letter described below, National Collegiate Student Loan Trust 2005-1 ("National") is listed as the creditor for the Chase debt.

24. Thus, National is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. According to the Defendants' letter, National contracted with Transworld to collect the alleged debt.

26. Transworld collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – December 2, 2022 Collection Letter*

27. On or about December 2, 2022, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed. (A true and accurate copy of the Letter mailed from the Defendant to the Plaintiff is attached hereto as Exhibit A.)

28. The Letter states a balance of $39,713.76.

29. However, the alleged balance includes payments made in the amount of $11,137.25 and interest charged of $20,185.81, without explanation.

30. Specifically, the Letter grossly misstates the payments made and does not advise whether interest continues to accrue on the debt.

31. Moreover, upon information and belief, the debt is time-barred from legal enforcement by the applicable statute of limitations.

32. However, the Letter failed to disclose that the debt was no longer legally enforceable.

33. The foregoing language is misleading and deceptive.

34. These misleading statements easily caused the Plaintiff uncertainty because the Plaintiff was unable to ascertain the exact amount owed on the alleged debt, the makeup of that total amount, and whether the debt would become larger over time.

35. Moreover, the failure to disclose that the debt is time-barred from enforcement is materially misleading to the Plaintiff and is a false statement/omission that the Defendant knowingly made.

36. Accordingly, the Letter should have advised the Plaintiff that she could not be sued and that the debt was unenforceable.

37. To state or imply otherwise, affirmatively or by omission, was false, misleading and deceptive.

38. Despite the omitted language in the Letter, National could not sue on the debt at the time that the Letter was issued.

39. Therefore, Defendant included incorrect or misleading legal advice/status in the Letter.

7

40. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

41. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

42. Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

43. Plaintiff was confused as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was unenforceable.

44. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt.

45. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable and one of which is enforceable, Plaintiff would pay the enforceable debt first.

46. Plaintiff was therefore unable to evaluate whether the debt is enforceable.

47. Plaintiff was therefore unable to make payment on the debt.

48. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

49. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt.

50. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions she would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

51. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

52. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of additional interest accrual and dominion over her funds.

53. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

54. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

55. Thus, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

56. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

57. Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of anxiety and stress.

58. Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate.

59. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

60. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

61. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

62. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

63. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

64. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

65. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

66. Plaintiff was misled to her detriment by the statements in the Letter, and relied on the content of the Letter to her detriment.

67. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

68. As a result of the Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

69. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

71. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. Defendant violated § 1692e:

   a. Making a false representation of the character, amount, or legal status of any debt in violation of §1692e(2)(A);

   b. Threatening to take any action that cannot legally be taken in violation of §1692e(5); and

   c. Making a false representation or using deceptive means to collect or attempt to collect any debt in violation of §1692e(10).

73. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

74. Plaintiff repeats the above allegations as if set forth herein.

75. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

76. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

12

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

77. Defendant violated said section by:

   a. Failing to disclose the correct amount of the debt; and

   b. Overshadowing the disclosures in the Letter by failing to indicate whether interest continues to accrue; and

   c. Depriving the Plaintiff of her right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without first issuing a correct validation of the debt; and

   d. Overshadowing the Plaintiff's right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without first issuing a correct validation of the debt.

78. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathleen McKee a/k/a Kathleen Albright, individually and on behalf of all others similarly situated, demands judgment from the Defendant Transworld as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

January 25, 2023               Respectfully Submitted,

**The Emory Law Firm, P.C.**

*s/ C. Randolph Emory*
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Attorneys for Plaintiff*